IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DATHAN STEVENS,** | : | No. 3:25-CV-1878 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **CAPTAIN ANDREWS, *et al.*,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Dathan Stevens initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging that numerous officials at the State Correctional Institution, Rockview (SCI Rockview), infringed his constitutional rights. Upon review as required under 28 U.S.C. § 1915A(a), the court finds that many claims and defendants are improperly joined. Stevens, therefore, will be given the option of voluntary dismissal or severance.

**I.      BACKGROUND**

During all times relevant to his complaint, Stevens was confined at SCI Rockview. (See generally Doc. 1). He is currently incarcerated at SCI Coal Township. (See Doc. 10).

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

Stevens' complaint is overly lengthy and difficult to follow. He structures his complaint in the following unique manner. First, he provides a handwritten page specifically targeting one of the many named defendants. (See Doc. 1 at 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 44, 46). Then, he follows that handwritten page with a typewritten page that contains general allegations that he was unfairly targeted for a cell search and then placed in a "dry cell"[2] in January 2024. (See Doc. 1 at 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47). That general, typewritten page—which appears twenty times—changes only by the name of the defendant Stevens inserts into a blank space near the bottom of the page, changing the name to reflect the defendant discussed in the handwritten page preceding it. (See id.).

Confusingly, however, Stevens' handwritten allegations do not just involve the January 2024 cell search and dry cell placement. Rather, they concern many different types of claims and incidents, including cell searches and dry cell placement on different dates (May 2023 and September 2024), purportedly

---

[2] "A 'dry cell' is a cell that lacks water—all standing water has been drained from the toilet, the room's water supply has been shut off, and the sink and toilet have been capped to prevent inmate access. An inmate may be placed in a dry cell when prison staff have observed the inmate attempt to ingest an item of contraband or they learn that the inmate is attempting to introduce contraband into the prison. Dry cells are used to closely observe the inmate until natural processes allow for the ingested contraband to be retrieved. To this end, dry cells lack all linens and moveable items other than a mattress, inmates' clothes are exchanged for a simple smock, and their movements are carefully controlled to prevent them from concealing or disposing of any retrievable contraband." Thomas v. Tice, 948 F.3d 133, 137 (3d Cir. 2020).

deficient mental health care, alleged excessive force, Prison Rape Elimination Act (PREA) violations and reporting, failure to address Stevens' complaints and grievances, and failure to protect against unspecified retaliation. (See id. at 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 44, 46).

Stevens sues the following eighteen defendants: Captain Andrews, Lieutenant Wooster, Lieutenant Butler, Lieutenant Stover, Lieutenant Sherman, Lieutenant Flaherty, Major Vangordon, Superintendent B. Soloman, Deputy Superintendent Rowe, Deputy Superintendent Woodring, C.O. Sharrow, C.O. Miller, C.O. Bush, C.O. Mufler, Lieutenant Walker, Counselor Hoover, Sergeant Ace, and Sergeant Bickle. (See id. at 2-4). He additionally includes allegations against Unit Manager Clark and C.O. Pollock, (see id. at 44, 46), but he does not name these prison officials as defendants. He seeks compensatory and punitive damages. (Id. at 6).

## II.    DISCUSSION

The court has thoroughly reviewed Stevens' lengthy complaint. As best as the court can discern, he is attempting to assert at least six different types of Section 1983 claims: (1) Eighth Amendment conditions of confinement related to his cell searches and placement in a dry cell on several occasions; (2) Eighth Amendment deliberate indifference to serious medical needs; (3) Eighth Amendment excessive force; (4) Eighth Amendment PREA-related issues,

3

including sexual abuse; (5) Eighth Amendment failure to protect from unspecified retaliation; and (6) First Amendment Petition Clause violations for failure to respond to complaints or grievances.

The primary problem with Stevens' complaint, at least at this early stage of the litigation, is that he is attempting to join multiple unrelated claims against different defendants in violation of Federal Rule of Civil Procedure 20(a)(2). As reflected above, Stevens' complaint primarily concerns what he believes to be Eighth Amendment conditions-of-confinement violations regarding his cell searches and dry cell placements. His claims against Andrews, Sherman, Soloman, Walker, Bickle, Mulfler, Wooster, Stover, Butler, and Bush are therefore properly joined together in the same lawsuit, as they concern the same "series of transactions or occurrences" and contain a "question of law" that is common to all these defendants. See FED. R. CIV. P. 20(a)(2) (discussing requirements for permissive joinder of defendants).

Additionally, when the court liberally construes Stevens' complaint, his claims against Miller, Woodring, and Hoover could also be considered properly joined. Stevens alleges that these defendants "neglected" or failed to respond to unspecified complaints and grievances, which complaints and grievances *could* relate to his cell searches and dry cell placements. (See id. at 16, 18, 42).

4

Stevens' other Section 1983 claims against different defendants are not properly joined. His claims against Rowe and Ace sound in deliberate indifference to serious medical needs regarding their treatment of his alleged mental health issues. (See Doc. 1 at 10, 34). His claim against Sharrow alleges excessive force by throwing bars of soap at Stevens in his cell. (See id. at 12). His claims against Flaherty and Pollock concern sexual abuse and the handling (or mishandling) of a PREA complaint. (See id. at 14, 46). And his claims against Vangordon and Clark allege Eighth Amendment failure to protect from unspecified retaliation. (See id. at 40, 44).

These unrelated claims against different defendants do not provide a basis for permissive joinder. They are not part of the "same transaction, occurrence, or series of transactions or occurrences" underlying his claims related to his conditions of confinement at SCI Rockview, nor is there a "question of law or fact common to all defendants" such that these claims and defendants could be permissively joined in this action. See FED. R. CIV. P. 20(a)(2).

Stevens, of course, is free to file *separate* lawsuits based on these unrelated Section 1983 allegations, although the court notes that he would be required to pay the filing fee for each separate case. See id.; George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (explaining that "[u]nrelated claims against different defendants belong in different suits" not only to prevent confusion but

5

also to ensure that prisoners pay the required filing fees under the PLRA); Redding v. Bilinski, No. 3:15-cv-1047, 2015 WL 3710842, at *1-2 (M.D. Pa. June 12, 2015) (same).

Accordingly, the court will give Stevens the following options: he can either (1) voluntarily dismiss (with or without prejudice) his claims against Rowe, Ace, Sharrow, Flaherty, Pollock, Vangordon, and Clark from this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i); (2) request severance of this action into FIVE separate lawsuits pursuant to Federal Rule of Civil Procedure 21; or (3) some combination of the foregoing two options (for example, voluntarily dismissing all unrelated claims except his Eighth Amendment medical indifference claim against Rowe and Ace and requesting severance of that claim only).

Stevens is admonished that if he requests full or partial severance, he will be responsible for paying separate $350 filing fees for each severed case pursuant to the Prison Litigation Reform Act (PLRA). See George, 507 F.3d at 607; Redding, No. 3:15-cv-1047, 2015 WL 3710842, at *1-2. Stevens is further warned that each case will be screened by the court pursuant to the mandatory screening requirements of 28 U.S.C. § 1915A(a), which could result in dismissal of some or all the claims for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1); see also 28 U.S.C. § 1915(g) (discussing

PLRA's three-strikes rule for prisoners filing *in forma pauperis* lawsuits). Accordingly, Stevens should carefully consider his options and their ramifications before filing his response.

### III.   CONCLUSION

Based on the foregoing, the court will provide Stevens with the choice of voluntary dismissal or severance, as more fully set forth herein. An appropriate Order follows.

Date: 2/19/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court