## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DATHAN STEVENS,                    :        No. 3:25-CV-1878
                 **Plaintiff**     :
                                   :        (Judge Munley)
        v.                         :
                                   :
CAPTAIN ANDREWS, *et al.*,         :
                 **Defendants**    :

## ORDER

Plaintiff Dathan Stevens initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging that numerous officials at the State Correctional Institution, Rockview (SCI Rockview), infringed his constitutional rights. Upon screening as required under 28 U.S.C. § 1915A(a), the court determined that many claims and defendants were improperly joined in a single lawsuit, thus violating Federal Rule of Civil Procedure 20(a)(2). Stevens was given the option of voluntary dismissal or severance of his improperly joined claims. He has failed to respond to multiple court orders regarding how he desires to proceed, and therefore his claims will be severed into five separate civil rights lawsuits.

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

During all times relevant to his complaint, Stevens was confined at SCI Rockview. (See generally Doc. 1). He is currently incarcerated at SCI Coal Township. (See Doc. 10).

Stevens' complaint is overly lengthy and difficult to follow. He structures his complaint in the following unique manner. First, he provides a handwritten page specifically targeting one of the many named defendants. (See Doc. 1 at 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 44, 46). Then, he follows that handwritten page with a typewritten page that contains general allegations that he was unfairly targeted for a cell search and then placed in a "dry cell"[2] in January 2024. (See Doc. 1 at 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47). That general, typewritten page—which appears twenty times—changes only by the name of the defendant Stevens inserts into a blank space near the bottom of the page, changing the name to reflect the defendant discussed in the handwritten page preceding it. (See id.).

---

[2] "A 'dry cell' is a cell that lacks water—all standing water has been drained from the toilet, the room's water supply has been shut off, and the sink and toilet have been capped to prevent inmate access. An inmate may be placed in a dry cell when prison staff have observed the inmate attempt to ingest an item of contraband or they learn that the inmate is attempting to introduce contraband into the prison. Dry cells are used to closely observe the inmate until natural processes allow for the ingested contraband to be retrieved. To this end, dry cells lack all linens and moveable items other than a mattress, inmates' clothes are exchanged for a simple smock, and their movements are carefully controlled to prevent them from concealing or disposing of any retrievable contraband." Thomas v. Tice, 948 F.3d 133, 137 (3d Cir. 2020).

Confusingly, however, Stevens' handwritten allegations do not just involve the January 2024 cell search and dry cell placement.  Rather, they concern many different types of claims and incidents, including cell searches and dry cell placement on different dates (May 2023 and September 2024), purportedly deficient mental health care, alleged excessive force, Prison Rape Elimination Act (PREA) violations and reporting, failure to address Stevens' complaints and grievances, and failure to protect against unspecified retaliation.  (See id. at 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 44, 46).

Stevens named eighteen defendants: Captain Andrews, Lieutenant Wooster, Lieutenant Butler, Lieutenant Stover, Lieutenant Sherman, Lieutenant Flaherty, Major Vangordon, Superintendent B. Soloman, Deputy Superintendent Rowe, Deputy Superintendent Woodring, C.O. Sharrow, C.O. Miller, C.O. Bush, C.O. Mulfler, Lieutenant Walker, Counselor Hoover, Sergeant Ace, and Sergeant Bickle.  (See id. at 2-4).  He additionally included allegations against Unit Manager Clark and C.O. Pollock, (see id. at 44, 46), but he did not explicitly name these prison officials as defendants.

The court thoroughly reviewed Stevens' lengthy complaint.  As best as the court could discern, Stevens was attempting to assert at least six different types of Section 1983 claims: (1) Eighth Amendment conditions of confinement related to his cell searches and placement in a dry cell on several occasions; (2) Eighth

3

Amendment deliberate indifference to serious medical needs; (3) Eighth Amendment excessive force; (4) Eighth Amendment PREA-related issues, including sexual abuse; (5) Eighth Amendment failure to protect from unspecified retaliation; and (6) First Amendment Petition Clause violations for failure to respond to complaints or grievances. (See Doc. 16 at 3-4).

The court further determined that Stevens was attempting to join multiple unrelated claims against different defendants in violation of Federal Rule of Civil Procedure 20(a)(2). (See id. at 4-5). The court noted that Stevens' complaint primarily involved allegations of Eighth Amendment conditions-of-confinement violations regarding cell searches and dry cell placements. (Id. at 4). Thus, his claims against Andrews, Sherman, Soloman, Walker, Bickle, Mulfler, Wooster, Stover, Butler, and Bush were properly joined together in the same lawsuit, as they concerned the same "series of transactions or occurrences" and contain a "question of law" that is common to all these defendants. (See id. (citing FED. R. CIV. P. 20(a)(2) (discussing requirements for permissive joinder of defendants))).

Additionally, the court noted that—liberally construed—Stevens' claims against Miller, Woodring, and Hoover could also be considered properly joined. (See id.). Stevens alleged that these defendants "neglected" or failed to respond to unspecified complaints and grievances, which complaints and grievances

4

*could* relate to his cell searches and dry cell placements. (See id. (citing Doc. 1 at 16, 18, 42)).

However, the court held that Stevens' other Section 1983 claims against different defendants were not properly joined. (See id. at 5). His claims against Rowe and Ace sounded in deliberate indifference to serious medical needs regarding their treatment of his alleged mental health issues. (See id. (citing Doc. 1 at 10, 34)). His claim against Sharrow alleged excessive force by throwing bars of soap at Stevens in his cell. (See id. (citing Doc. 1 at 12)). His claims against Flaherty and Pollock concerned sexual abuse and the handling (or mishandling) of a PREA complaint. (See id. (citing Doc. 1 at 14, 46)). And his claims against Vangordon and Clark alleged Eighth Amendment failure to protect from unspecified retaliation. (See id. (citing Doc. 1 at 40, 44)).

The court explained that these unrelated claims against different defendants do not provide a basis for permissive joinder. (See id.). They are not part of the "same transaction, occurrence, or series of transactions or occurrences" underlying his claims related to his conditions of confinement at SCI Rockview, nor is there a "question of law or fact common to all defendants" such that these claims and defendants could be permissively joined in this action. (See id. (quoting FED. R. CIV. P. 20(a)(2))).

5

The court further explained that Stevens was free to file *separate* lawsuits based on these unrelated Section 1983 allegations, although he would be required to pay the filing fee for each separate case.  (See id. at 5-6 (citing FED. R. CIV. P. 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (explaining that "[u]nrelated claims against different defendants belong in different suits" not only to prevent confusion but also to ensure that prisoners pay the required filing fees under the PLRA); Redding v. Bilinski, No. 3:15-cv-1047, 2015 WL 3710842, at *1-2 (M.D. Pa. June 12, 2015) (same))).

Accordingly, the court gave Stevens the following options: he could either (1) voluntarily dismiss (with or without prejudice) his claims against Rowe, Ace, Sharrow, Flaherty, Pollock, Vangordon, and Clark from this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i); (2) request severance of this action into FIVE separate lawsuits pursuant to Federal Rule of Civil Procedure 21; or (3) some combination of the foregoing two options (for example, voluntarily dismissing all unrelated claims except his Eighth Amendment medical indifference claim against Rowe and Ace and requesting severance of that claim only).  (See id. at 6).

Stevens was additionally admonished that if he requested full or partial severance, he would be responsible for paying separate $350 filing fees for each severed case pursuant to the Prison Litigation Reform Act (PLRA).  (See id. at 6-

7 (citing George, 507 F.3d at 607; Redding, No. 3:15-cv-1047, 2015 WL 3710842, at *1-2)).  Stevens was also cautioned that each case would be subject to the mandatory screening requirements of 28 U.S.C. § 1915A(a), which could result in dismissal of some or all the claims for failure to state a claim upon which relief may be granted.  (See id. at 7 (citing 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(g) (discussing PLRA's three-strikes rule for prisoners filing in forma pauperis lawsuits))).  The court thus directed Stevens to carefully consider his options and their ramifications before making his decision.  (See id.).

Stevens was given 21 days to notify the court of his decision.  (See Doc. 17 ¶ 1).  He was further warned that if he failed to timely respond, the court would be constrained to sever his case into five separate cases pursuant to Federal Rule of Civil Procedure 21.  (See id. ¶ 2).

On March 3, 2026, Stevens moved for additional time to file his response.  (See Doc. 18 (received by the court on March 12, 2026)).  The court granted that motion, giving Stevens 21 additional days, or until April 2, 2026, to file his response.  (See Doc. 19 ¶ 1).  Stevens was once again cautioned that if he failed to timely respond, the court would be constrained to sever his case into five separate cases under Rule 21.  (See id. ¶ 3).  The court additionally provided Stevens with a courtesy copy of his 54-page complaint, as he had requested.  (See Doc. 19-1).

7

The April 2, 2026 deadline came and went, but Stevens did not file a response or any other communication with the court.  Out of an abundance of caution, on April 21, 2026, the court *sua sponte* gave Stevens 14 additional days, or until May 5, 2026, to file an appropriate response.  (See Doc. 20 ¶ 1).  The court once again warned Stevens that if he did not properly respond to the court's orders, his case would be severed into five separate cases and each case would be subject to screening under 28 U.S.C. § 1915(a).  (See id. ¶ 3).  The court also expressly informed Stevens that "any dismissal of those cases could potentially implicate the three-strikes rule provided by 28 U.S.C. § 1915(g)." (See id.).  To date, Stevens has failed to file a response or any other communication with the court.

**AND NOW**, upon consideration of the foregoing, **IT IS ORDERED** that:

1. The Clerk of Court is directed to **SEVER** case number 3:25-cv-01878 into five separate Section 1983 civil rights actions pursuant to Federal Rule of Civil Procedure 21, as follows:

   a. The first new Section 1983 case should name as defendants "Deputy Superintendent Rowe" and "Sergeant Ace."  That case will concern Stevens' constitutional tort claim of Eighth Amendment deliberate indifference to serious medical needs.  (See Doc. 1 at 10, 34).

   b. The second new Section 1983 case should name as a defendant "C.O. Sharrow."  That case will concern Stevens' constitutional tort claim of Eighth Amendment excessive force.  (See id. at 12).

8

c. The third new Section 1983 case should name as defendants "Lieutenant Flaherty" and "C.O. Pollock." That case will concern Stevens' constitutional tort claim or claims regarding sexual abuse and the handling (or mishandling) of a PREA complaint. (See id. at 14, 46).

d. The fourth new Section 1983 case should name as defendants "Major Vangordon" and "Unit Manager Clark." That case will concern Stevens' constitutional tort claim regarding Eighth Amendment failure to protect from unspecified retaliation. (See id. at 40, 44).

2. Following severance, the Clerk of Court is further directed to terminate defendants Rowe, Ace, Sharrow, Flaherty, and Vangordon from the instant action (case number 3:25-cv-01878).

3. As previously admonished, Plaintiff will be responsible for either paying the full $405 filing fee for each new case or moving for leave to proceed in forma pauperis in each new case. Moreover, each civil action filed will be subject to screening under 28 U.S.C. § 1915A(a).

Date: 5/14/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

9